Katherine Rout McCORD, Susan Jane Turner, Elizabeth Wilson, and Woodford Save the Land Association, Inc., a non-stock, non-profit corporation of Kentucky, Appellants,

v.

PINEWAY FARMS, a partnership, Louise H. Ward, James S. Bird, Lee W. Harper, and Leonard K. Nave, Individual partners trading and doing business under the firm name and style of Pineway Farms, and William E. Crain, Clerk of the County Court of Woodford County, Kentucky, Appellees.

Court of Appeals of Kentucky.

April 7, 1978.

Discretionary Review Denied
Sept. 12, 1978.

Edward F. Prichard, Jr., William L. Graham, Prichard, Murrell & Graham, Frankfort, W. Henry Graddy, IV, McCauley & Elam, Versailles, for appellants and for Jenny Sue Given and John A. Dearinger, amicus curiae.

Leonard K. Nave, William A. Hoskins, III, Nave & Hoskins, Versailles, for appellees.

Alex F. Talbott, Louisville, for Louisville and Jefferson Co. Planning Commission and Jessamine County-City of Wilmore Joint Planning Commission, amicus curiae.

Before HOGGE, HOWERTON and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a summary judgment entered March 22, 1977, on a petition for a declaration of rights, initially filed August 13, 1976, regarding the application and interpretation of agricultural zoning statutes.

In March, 1976, appellee Pineway Farms contracted to purchase a 140 acre tract of land in Woodford County, fronting on Highway 33 and Scotts Ferry Road. On April 16, 1976, the appellees lodged for record in the County Clerk's Office a plat for a division of this tract, to be known as Pineway Farms. The plat had not been submitted to or approved by the Woodford County Planning and Zoning Commission. The plat recited that it was a division of land for agricultural purposes, with the said purpose to include, but not be limited to, one dwelling per tract. The plat indicated that the land would be divided into eighteen separate units. Seventeen of the tracts ranged in size from five acres to six acres, with the eighteenth tract containing 53.2 acres. Most of the large lot lies behind the smaller lots. The plat provides for eighteen new driveways with access to Scotts Ferry Road and Kentucky Highway 33. On August 13, 1976, the appellants sought a declaration of rights to construe the zoning laws against the appellees.

The following legal questions are presented:

1) Did the trial court commit reversible error when it ruled that this action was suitable for a summary judgment?

2) Did the trial court commit reversible error in ruling that the interpretation of the language of KRS 100.111(22) was a legislative function rather than a judicial function?

3) Was there an actual or justifiable controversy, sufficient to allow a declaratory judgment proceeding?

4) Did the trial court correctly define the words "a division of land for agricultural purposes" as those words are used in KRS 100.111(22)?

5) Did the trial court commit reversible error when it ruled that the Woodford County zoning ordinance's density requirements for agriculturally zoned land did not apply to the tract now defined as Pineway Farms?

This Court reverses the judgment of the trial court and remands this case for further proceedings.

The trial court committed reversible error when it decided that there were no genuine issues of material fact, and that the movant was entitled to a judgment as a matter of law.

It is well settled that the party moving for a summary judgment has the burden of establishing the fact that there is no genuine issue and he is entitled to a judgment as a matter of law. All doubts must be resolved against the moving party. Even though the trial judge may believe that the party opposing a motion for summary judgment may not ultimately prevail at trial, he should not render a summary judgment if there is a material issue of fact. The trial court must examine the evidentiary material, not in order to decide any issue of fact, but only to determine if a real issue does exist. The party moving for a summary judgment should not succeed unless the right to judgment is demonstrated with such clarity that there is no room left for controversy, and it is clearly established that the opposing party cannot prevail. 7 W. Clay, *Kentucky Practice,* CR 56.03 (3rd Ed. 1974).

█ Here, the appellees offered affidavits of persons who were considering purchasing a tract of Pineway Farms. This alone created the first question of fact concerning the purpose of the land division, since three of the prospective purchasers stated that they planned to purchase lots in order to build a house. The other prospective buyer was a real estate salesman who was interested in selling to other potential buyers. The record also indicates the possible factual dispute relative to the advertising of the lots as residential building sites. The appellees argue that, without exception, the prospective buyers indicated their intention to live on the land and to grow crops. If nothing else, this creates a question of fact which is not satisfactorily resolved by the trial court.

Additionally, the appellants offered counter-affidavits relative to the possible inviable economic status of a five acre tract, and the existing situation in the county as to agricultural assessments and related matters. The trial court ignored such counter-affidavits.

Further, it appears that a substantial question as to the proper filing of the plat of the division of land, in possible violation of the county zoning requirements, was raised in the record, but not addressed by the trial court's decision.

It appears that the trial court simply recites the language required to support the rule, and in fact, the record is to the contrary.

█ This Court believes that the trial judge erred in holding that the interpretation and construction of a statute is a legislative rather than a judicial function. Certainly, any such judicial activity must be consistent with the reasonably clear meaning of the statutes, as measured by the constitutional limitations which may be involved, however, the interpretation of KRS 100.111(22) is a proper judicial function. Clearly, the courts should not legislate, but the courts must interpret. It is necessary for the courts to provide reasonable interpretation of the language used by the legislature, where a legitimate controversy arises as to the meaning of the language used, until the legislature can expand its own definition, it if so desires.

█ To the extent that the trial court granted a summary judgment, it was error, in an action to construe a statutory exemption, to fail to provide a meaningful definition to the words "division of land for agricultural purposes" appearing in KRS 100.111(22). The very substance of this case involves the statutory construction of KRS 100.111(22) as it applies to the facts here. The statutory definition of subdivision is designed to mandate that the prior planning and zoning requirements and subdivision regulations of a local planning authority be applied to all significant land divisions. The pertinent exemption is for a division of land for agricultural purposes into parcels of five acres or more, not involving a new street. Clearly, the legislature wished to exempt the legitimate farmer who divides part of his farm real estate among the members of his family. The entire plan of KRS Chapter 100 is a scheme for land use control. The exception in KRS 100.111(22) is designed to insure that any division of agricultural land is made for the

purpose of protecting agricultural interests. Here, Pineway Farms lies entirely within an agriculturally zoned area, so designated by the local governing body. If this matter is permitted to go to an evidentiary hearing, the appellants' arguments that Pineway Farms is intended to be a high priced residential subdivision, composed of large country estates, and is an obvious attempt to use the agricultural purpose exemption in the statute as a loophole to skirt the intent of Chapter 100, may be fully explored by legitimate trial techniques. Evidence can be produced by both sides, relative to the question of whether the proposed division changes the entire character of the agriculturally zoned area, without proper supervision by the local planning and zoning commission.

■ The trial court committed reversible error when it ruled that the Woodford County Zoning ordinance's density requirements for agriculturally zoned land did not apply to the farm now divided as Pineway Farms. Since Pineway Farms is located in an A–1 agricultural zone, it is subject to the county zoning ordinance, which restricts development according to ownership, purpose and density. It would appear that the proposed land division violates the ownership and purpose provisions, and exceeds the density requirements of the ordinance. The plat as filed in this matter may be improperly filed, and if the division of land contemplated by the plat was in violation of the statute and the county zoning requirements, then both the division and plat may be legally void. Additionally, the county zoning ordinance limits the construction of residences on agriculturally zoned lands to farm dwellings, occupied by farm owners. If the proposed division is not composed of farms, then the residences constructed thereon are not farm dwellings, and the developers cannot convert residential tracts into farms by simply calling them farms. The trial court was in error in its conclusion that the density requirement applied only to undivided lands. KRS 100.203(1) provides that the contents of zoning regulations must be uniform in the zone in which they are imposed.

■ There is a real and immediate actual controversy existing as to what constitutes compliance with the zoning laws under the circumstances presented here. The action is brought under the declaratory judgment provisions of KRS 418.040 through KRS 418.050. The issues of whether the appellees properly complied with the statute in lodging the plat for record, and whether the appellee, Crain, complied in putting it to record, make the appellants' complaint a proper one for judicial determination.

This litigation presents an issue as to whether the proposed division of real estate was, in fact, a division of land for agricultural purposes, as contemplated by that exemption to the zoning laws. The determination of that issue requires a full evidentiary hearing, with an opportunity for all litigants to properly explore the issues raised. It is clear to this Court that there are substantial genuine issues of material fact to be carefully examined. The appellees are not entitled to a judgment as a matter of law.

The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.

All concur.